THOMAS J. BLANCK, 2D, as Trustee under the Last Will and Testament of JOHN W. BLANCK, Deceased, Respondent, *v.* JESSE S. NELSON, Appellant.

*A pledgee of bonds may sue for their conversion — sufficient recital in an order of arrest of the grounds thereof.*

A pledgee of bonds has such a special property therein as will entitle him to maintain an action for the conversion of the bonds against a wrongdoer.

An order of arrest which, in stating the ground for the order as required by rule 13 of the General Rules of Practice, states such ground to be "the conversion of money and property embezzled or fraudulently misapplied by said defendant in the course of his employment as attorney for said plaintiff," is not defective.

APPEAL by the defendant, Jesse S. Nelson, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of January, 1899, denying the defendant's motion to vacate an order for his arrest, heretofore granted in the action.

*H. F. Lawrence,* for the appellant.

*Richard J. Lewis* [*Thomas J. Rush* with him on the brief], for the respondent.

WOODWARD, J.:

We think the first cause of action set forth in the complaint is good. It is true the plaintiff held the bonds there mentioned only as collateral security for the payment of the debt to him. Nevertheless, his special property as pledgee was sufficient to authorize him to maintain an action for conversion of the bonds against any wrongdoer. The damage to the plaintiff by the conversion of the bonds is apparent. Even assuming that the debtor pays his note to the plaintiff, the plaintiff must return the bonds to the pledgor, or account for their value.

The complaint sets forth facts which, if established by the evidence, are sufficient to constitute embezzlement and to subject the defendant to arrest under the provisions of section 549 of the Code of Civil Procedure, and if it should happen that the court, in com-

SECOND DEPARTMENT, MARCH TERM, 1899.          [Vol. 39.

plying with rule 13, has stated more than is necessary in the order of arrest, it can give the defendant no immunity. In other words, if the complaint sets forth a good cause of action against the defendant for the embezzlement of money while acting in the capacity of an attorney for the plaintiff, the order of arrest is not invalidated because it is stated in the order that "the ground of arrest is the conversion of money and property embezzled or fraudulently misapplied by said defendant in the course of his employment as attorney for said plaintiff."

There does not appear to be any force in the contention that the causes of action are misjoined; they are both based upon the misconduct of the defendant while acting as attorney for the plaintiff, and are clearly within the scope of section 484, Code of Civil Procedure.

In the case of *Quail* v. *Nelson* (*ante*, p. 18), which has received the attention of this court at the present term, we have considered the remaining points urged upon the attention of the court in the case at bar, and it is not necessary to again go over the ground.

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.